Mark I. Labaton (SBN 159555)
KREINDLER & KREINDLER LLP
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017
Telephone:   (213) 622-6469
Facsimile:   (213) 622-6019
Email:       mlabaton@kreindler.com

Joseph A. Black
Daniel E. Cohen
James A. Moody (Of Counsel)
THE CULLEN LAW FIRM, PLLC
1101 30th Street, NW, Suite 300
Washington, DC 20007
Telephone:   (202) 944-8600
Facsimile:   (202) 944-8611
Email:       jab@cullenlaw.com
             dec@cullenlaw.com
             moodyjim@aol.com

*Attorneys for Plaintiff Nyle Hooper*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES *ex rel.* NYLE HOOPER,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>Defendant. | Case No.  CV 08-00561 DSF (FMOx)<br><br>**PLAINTIFF HOOPER' RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED IN CONNECTION WITH PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT**<br><br>Date:   January 10, 2011<br>Time:   1:30 p.m.<br>Crtrm:  840<br>Judge:  Hon. Dale Fischer |

Plaintiff Nyle Hooper hereby responds to Defendant Lockheed Martin Corporation's ("Lockheed") objections to the evidence he submitted in response to Lockheed's Motion for Summary Judgment. Most of the objections are technical and can be addressed or cured in summary fashion. Others will be addressed individually. To the extent possible this response will follow Lockheed's outline.

## A.   Response to General Objections

### 1.   Uncertified Excerpts of Depositions

Lockheed objects to the use of deposition transcripts that were not accompanied by the cover pages of the deposition and the reporter's certifications. This objection is lodged in spite of the fact that Lockheed cannot seriously question the authenticity of the transcripts as it has access to those transcripts and because Lockheed has used two of those transcripts in its original motion. Nevertheless, in order to obviate any issue on this matter, the cover pages and the reporter's certifications are attached as Exhibit A for the Michael Allen, Xenia Bixler, Marsha Bobro Byrd and Paul Usavage depositions.

### 2.   Expert Witness Report

Lockheed first objects to the Lewis Gray expert report because it was not accompanied by "an affidavit, declaration or other form of sworn testimony" Again, to obviate any issue, Dr. Gray's declaration authenticating his report is attached as Exhibit B.

Lockheed next objects to the use of Dr. Gray's report to support the existence of certain facts. The specific facts at issue are Lockheed's Uncontroverted Facts 31, 32, and 35. These statements of fact relate to whether Lockheed disclosed to the Air Force its intent to use freeware or FOSS products in the development of the RSA IIA products before it did so. The references to Dr. Gray's report were a short hand way of referring to the record evidence he cites which disputes the asserted

fact.  The same objective could have been obtained by citing that evidence directly and duplicating that evidence in the record.

Lockheed also objects to the use of Dr. Gray to give an opinion on several contractual matters.  Lockheed's software development performance under the RSA IIA contract was governed in large part by MIL-STD 498.   Dr. Gray's report is primarily focused on Lockheed's performance under that standard.  Dr. Gray is an expert with specialized knowledge of MIL-STD 498 having participated in its creation and having taught classes on compliance with the standard.

The Ninth Circuit has held that "in considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir.), *cert. denied,* 530 U.S. 1268, 120 S.Ct. 2733, 147 L.Ed.2d 995 (2000).

Matters of law are generally inappropriate subjects for expert testimony. *Flores v. Arizona,* 516 F. 3d 1140, 1166 (9th Cir. 2008). However, the Ninth Circuit has recognized that there may be "instances in rare, highly complex and technical matters where a trial judge utilizing limited and controlled mechanisms, under the matter of trial management, permits some testimony seemingly at variance with the general rule." *Id. citing Nieves-Villanueva v. Soto-Rivera,* 133 F.3d 92, 101 (1st Cir.1997).[1]

This case is just such a "highly complex and technical" case in which Mr. Gray's report will be helpful.  Determining that MIL-STD 498 is applicable to a contract does not end the inquiry.  MIL-STD 498 is designed to be "tailored" to the

---

[1] *See also Kona Technology Corp. v. Southern Pacific Transp. Co.,* 225 F. 3d 595, 611 (5th Cir. 2000)("[W]e have recognized that a trial court's reliance on individuals experienced in a particular field for the purposes of obtaining explanation of the technical meaning of terms used in the industry is "prudent." *Citing Phillips Oil Co. v. OKC, Corp.,* 812 F.2d 265, 281 (5th Cir.1987). "In construing a specific contractual term, we must give consideration to the meaning attributed to that term in the industry." *Personal Preference Video, Inc. v. HBO,* 986 F.2d 110, 114 (5th Cir.1993).

needs of a particular development project, which means various provisions of the standard may be changed or removed from the basic requirement. Further, the tailoring may be changed over the life of the contract.

Determining how MIL-STD 498 was tailored and whether that tailoring changed during the period of contract performance requires an expert in the application of the standard to software development contracts. Further, it requires an expert to analyze the contractor's performance to determine if it complied with the requirements of MIL-STD 498. This analysis was performed by Dr. Gray in his review of record evidence obtained from Lockheed in discovery.

Given the complexities of MIL-STD 498 and its application to contract performance, it is entirely appropriate for an expert such as Dr. Gray to give guidance to the Court or a jury on this subject.

In *Adams v. United States*, 2009 WL 1085481 (D. Idaho, April 20, 2009), the district court admitted a number of expert opinions on complex issues of regulatory law, reasoning, as follows:

> Dupont argues that Benbrook and Seilaty will render legal conclusions, an improper role for experts. Experts generally are not allowed to render legal conclusions, *Nationwide Transp. Fin. v. Cass. Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir.2008), but there may be "instances in rare, highly complex and technical matters where a trial judge, utilizing limited and controlled mechanisms, and as a matter of trial management, permits some testimony seemingly at variance with the general rule." *Flores v. Arizona*, 516 F. 3d 1140, 1166 ( 9th Cir. 2008) (quoting *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 101 (1st Cir.1997)). After analyzing the case law, the leading treatise on federal practice concludes that "the courts seem more open to the admission of expert legal opinions where the subject is the application of some complex regulatory or legal standard to a specific factual background." *See* 29 Wright and Gold, *Federal Practice & Procedure,* § 6264 at p. 220 n. 36 (1997).

1
2
3
4
5
6

Applying these principles to Benbrook and Sielaty, the Court finds proper their testimony (1) about the general roles of the EPA, the registrant, and the state in the registration process for pesticides; (2) the general regulatory framework set up by FIFRA; (3) the industry standards and the stewardship duty; (4) the factual circumstances surrounding the 1995 changes to the label and the obtaining of the 24(c) label; and (4) their opinions on whether DuPont's conduct satisfied industry standards and any stewardship duty.

7    *Id.*

8    As described in Exhibit 2 to Dr. Gray's report (Doc 170-1 at 17-19) the

9    methodology he used in completing his report was a "conformity assessment" to

10   determine first what standards or requirements applied to Lockheed in its

11   performance of the RSA IIA contract; then he determined whether Lockheed

12   complied with those requirements.  This is a complex undertaking and requires

13   specialized knowledge of MIL-STD 498 and of software development.  As

14   demonstrated by his credentials, Dr. Gray has this knowledge and the Court should

15   allow the report into evidence.

16   Finally, Lockheed claims that Hooper has failed to qualify Dr. Gray as an

17   expert under Fed. R. Evid. 702.  Lockheed does not explain what those deficiencies

18   are.  Dr. Gray's qualifications are set out in Part Four of his report.  (Doc 170-1 at

19   20-21).  Further, his resume is attached as Exhibit 1 to his declaration (Exhibit B).

20   These documents should confirm his qualifications to give his expert report.

21        3.    Third Amended Complaint

22   Lockheed complains that Hooper attempts to create factual disputes by

23   relying on factual allegations in the complaint.  The allegations in the complaint are

24   based on evidence in the record.  To further substantiate the record in this respect,

25   Hooper attaches his Declaration as Exhibit C.  This Declaration does not contain

26   any new assertions that are not otherwise contained in the record presented to the

27   Court.

28

**B.    Specific Objections**

4.    Hooper's Response to LMC's Uncontroverted Fact 27.  Lockheed objects to Hooper's response to LMC's Uncontroverted Fact 27 on the ground that Hooper's deposition testimony related to "what others purportedly told Hooper" as hearsay.  Lockheed ignores the fact that these statements were party admissions under Fed. R. Evid. 801(d)(2) and are therefore not hearsay.

5.    Hooper's Response to LMC's Uncontroverted Fact 29.  Lockheed objects to Hooper's response to LMC's Uncontroverted Fact 29 on the ground that Allen "lacks personal knowledge as to what occurred when Loral was preparing its bid for the RSA program."  This is not a sustainable objection.  Lockheed disregards the fact that earlier in Allen's deposition, he testified that he examined part of the original bid and from his analysis he learned that it was underbid. Allen 230:18 – 233:16.

6.    Hooper's Response to LMC's Uncontroverted Fact 36.  Lockheed objects to Hooper's response to LMC's Uncontroverted Fact 36 on the ground that Exhibit I to the Black Declaration is "based on a lack of authentication," and hearsay.  Neither objection is well-founded.  First, documents labeled "LAX" were obtained from the Department of the Air Force in El Segundo, California (Black Decl. ¶ 11), and as such, constitute public records or reports to which the hearsay exception under Fed. R. Evid. 803(8), or the business records exception under Fed. R. Evid. 803(6), apply. Further, Lockheed's blanket challenge to the authenticity of the documents fails to refute the proffer establishing that these documents are in fact what the proponent claims. *See* Fed. R. Evid. 901(a).  *See also* Fed. R. Evid. 901(b)(7)(public records).

7.    Hooper's Response to LMC's Uncontroverted Facts 36, 43, 45, 63-64, and Hooper's Uncontroverted Fact 138.  Lockheed objects to Hooper's response to

LMC's Uncontroverted Facts 36, 43, 45, 63-64, and Hooper's Uncontroverted Fact 138 on the ground that the facts include hearsay or lack authentication.  All documents labeled (LMC) were obtained *from Lockheed* in response to discovery.  Again, these documents  are either non-hearsay because they are based on Lockheed documents, Fed. R. Evid. 801(d)(2), or alternatively, because they fall within the business records exception, Fed. R. Evid. 803(6).  As for Lockheed's authenticity objections, they fail to refute the proffer establishing that these documents are in fact what the proponent claims.  *See* Fed. R. Evid. 901(a).

      8.     Hooper's Response to LMC's Uncontroverted Fact 59.  Lockheed objects to Hooper's response to LMC's Uncontroverted Fact 59 because "there is no source for the purported statement." However, the source for the statement is contained in Lockheed's *own Undisputed Fact Number 59.*

      9.     Hooper's Response to LMC's Uncontroverted Fact 68.  Lockheed's objection to LMC 0031632 and 0060338, documents related to LMC's Uncontroverted Fact 68, as "hearsay for which no exception applies" is unfounded.  Documents labeled "LMC" are Lockheed documents that are records of regularly conducted business activity for which the business records exemption under Fed. R. Evid. 803(6) applies.

      10., 11., 12., 13.     Hooper's Response to LMC's Uncontroverted Facts 74, 143, 75, 146, 77, 79.  Lockheed's objection to Hooper's response to LMC's Uncontroverted Facts 74, 143, 75, 146, 77, and 79 for lack of authentication  are now moot because all ACTA documents have been authenticated by the Declaration of Patrick Quinn (Exhibit D).  Documents labeled "ACTA" are documents produced under a contract with the U.S Air Force.   As such they are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.  As for Lockheed's authenticity objections, they

fail to refute the proffer establishing that these documents are in fact what the proponent claims. *See* Fed. R. Evid. 901(a).

14. Hooper's Response to LMC's Uncontroverted Fact 83. Lockheed's objection to statements made by Greg Braun (or Ed Butt) related to LMC's Uncontroverted Fact 83 is without merit. First, these statements are party admissions under Fed. R. Evid. 801(d)(2). Second, these statements were attested to by Hooper in his deposition (See Hooper Depo. 589:4 – 590:9; Troy Decl. Ex. B), which were inadvertently not cited in support of his response to LMC's Uncontroverted Fact 83.

15., 16. Hooper's Response to LMC's Uncontroverted Facts 85, 87. Lockheed's objection to Hooper's response to LMC's Uncontroverted Facts 85 and 87 on grounds of hearsay are unfounded. Again, documents labeled "LMC" are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.

17. Hooper's Uncontroverted Fact 93. Lockheed's objection to Hooper's response to LMC's Uncontroverted Fact 93 on the ground that Allen offers impermissible expert testimony is untenable because Allen was a percipient witness offering testimony about his first-hand observations.

18. Hooper's Uncontroverted Fact 97. Exhibit A to the Third Amended Complaint is now authenticated by Hooper's Declaration ¶ 7. Lockheed's hearsay objection is unfounded since the documents on which the Exhibit is based were obtained from the Department of the Air Force and as such, constitute public records or reports to which the hearsay exception under Fed. R. Evid. 803(8), or the business records exception under Fed. R. Evid. 803(6), apply.

19. Hooper's Uncontroverted Fact 102. Documents labeled "LMC" are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.

20.   Hooper's Uncontroverted Fact 103.   ACTA documents are now authenticated by the Declaration of Patrick Quinn (Exhibit D).   Documents labeled "ACTA" are documents produced under a contract with the U.S Air Force.   As such they are documents that are records of regularly conducted business activity for which the hearsay exemption Fed. R. Evid. 803(6) applies.

21.   Hooper's Uncontroverted Fact 105.   Documents labeled by "HOO" are documents produced by Hooper to Lockheed in discovery.   They are now authenticated by Hooper's declaration ¶ 10. These documents were obtained by Hooper while in Lockheed's employ.   As such they are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.   As for Lockheed's authenticity objections, they fail to refute the proffer establishing that these documents are in fact what the proponent claims. *See* Fed. R. Evid. 901(a).

22., 23.   Hooper's Uncontroverted Facts 106 and 108.   Documents labeled "LMC" are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.

24.   Hooper's Uncontroverted Fact 109.   Lockheed's objection to Allen's testimony on grounds of hearsay is misplaced.   First, Allen's testimony is based on party admissions he learned through statements by Lockheed employees.   Second, he testified in his deposition that he was a percipient witness, stating that he learned that the original contract was underbid based on his own examination of the original bid while he was employed by Lockheed.   Allen 230:18 – 233:16.

25.   Hooper's Uncontroverted Fact 115. Documents labeled "LMC" are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.   As for Lockheed's authenticity objections, they fail to refute the proffer establishing that these documents are in fact what the proponent claims. *See* Fed. R. Evid. 901(a).

26., 27., 28, 29.   <u>Hooper's Uncontroverted Facts 116, 118, 119, 120</u>. Lockheed' objections to Allen's testimony on grounds of hearsay are misplaced. Allen testified as a percipient witness that he was involved in the bidding process for the CCP and ECP; thus he has personal knowledge of the facts to which he testified.  Allen 230:18 – 233:16.

30. – 38.   <u>Hooper's Uncontroverted Facts 121 -128, 132</u>.  Lockheed's hearsay and/or authenticity objections are unfounded.  Documents labeled by "HOO" are documents produced by Hooper to Lockheed in discovery.  They are now authenticated by Hooper's declaration ¶ 10.  These documents were obtained by Hooper while in Lockheed's employ.  As such they are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.  As for Lockheed's authenticity objections, they fail to refute the proffer establishing that these documents are in fact what the proponent claims. *See* Fed. R. Evid. 901(a).

39.   <u>Hooper's Uncontroverted Fact 133</u>.  Documents labeled "LMC" are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.  As for Lockheed's authenticity objections, they fail to refute the proffer establishing that these documents are in fact what the proponent claims. *See* Fed. R. Evid. 901(a).

40.   <u>Hooper's Uncontroverted Fact 134</u>.  While Lockheed raises pro forma objections to documents LMC-097177 and LMC -0087921, it nonetheless concedes that the statement of fact in Hooper's UF 134 is "**Undisputed**."

41., 42.  <u>Hooper's Uncontroverted Facts 136, 139</u>.  Documents labeled "LMC" are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.

43. – 45.  <u>Hooper's Uncontroverted Facts 142, 143, 146</u>.  ACTA documents are now authenticated by the Declaration of Patrick Quinn (Exhibit D).  Documents

labeled "ACTA" are documents produced under a contract with the U.S Air Force. As such they are documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies.

46.   Hooper's Uncontroverted Fact 149.  Allen was testifying as a percipient witness based on his experience as an employee at Lockheed.

47., 48.  Hooper's Uncontroverted Facts 150, 151.  Documents labeled "LMC" are Lockheed documents that are records of regularly conducted business activity for which the hearsay exemption under Fed. R. Evid. 803(6) applies. As for Lockheed's authenticity objections, they fail to refute the proffer establishing that these documents are in fact what the proponent claims. *See* Fed. R. Evid. 901(a).

49. – 51.   Hooper's Uncontroverted Facts 153, 154, 156.  Lockheed's objections to Allen's testimony as hearsay are unfounded. Allen was testifying as a percipient witness based on his experience as an employee at Lockheed.

52.   Hooper's Uncontroverted Fact 157.  All documents labeled (LMC) were obtained from Lockheed in response to discovery.  As for Lockheed's authenticity objections, they fail to refute the proffer establishing that these documents are in fact what the proponent claims. *See* Fed. R. Evid. 901(a).

1

Dated:     January 7, 2011                    MOTLEY RICE, LLP

2

3                                             By: /S/ Mark I. Labaton
                                                  MARK I. LABATON (SBN 159555)

4                                             Attorney for Relator
                                              NYLE J. HOOPER
5

6                                             THE CULLEN LAW FIRM, PLLC

7

8                                             By: /S/ Joseph A. Black
                                                  JOSEPH A. BLACK
9                                                 (*admitted pro hac*)

10                                            Attorney for Relator
                                              NYLE J. HOOPER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28