CROWELL & MORING LLP
Mark R. Troy (CSB No. 120418, mtroy@crowell.com)
Jeffrey H. Rutherford (CSB No. 181695, jrutherford@crowell.com)
Nathanial J. Wood (CSB No. 223547, nwood@crowell.com)
Mana Elihu Lombardo (CSB No. 228846, melombardo@crowell.com)
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Attorneys for Defendant LOCKHEED MARTIN CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel*, NYLE HOOPER,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>Defendant. | Case No. CV 08-00561 BRO (PJWx)<br><br>**DECLARATION OF MARK R. TROY IN SUPPORT OF LOCKHEED MARTIN CORPORATION'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: December 9, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 14<br>Los Angeles – Spring Street<br>Judge: Hon. Beverly Reid O'Connell<br><br>Discovery Cutoff: November 4, 2013<br><br>Trial Date: March 18, 2014 |

I, MARK R. TROY, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts in the State of California, and the United States District Court for the Central District of California. I am a partner in the law firm of Crowell & Moring LLP, counsel of record for Defendant Lockheed Martin Corporation ("Lockheed Martin") herein. I am one of the attorneys responsible for the litigation of the above-entitled case, and, as such, have personal knowledge of the contents of our files as pertains to the issues and facts presented in this declaration, and could and would testify competently thereto if called on as a witness to do so.

2. This declaration is made in support of Lockheed Martin Corporation's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (the "Motion").

3. On October 11, 2013, I met and conferred in person with Relator Nyle Hooper's ("Hooper") counsel regarding the substance of the Motion, pursuant to Local Rule 7-3.

4. In 1995, Hooper brought in the United States District Court for the Central District a *qui tam* complaint against his prior employer, alleging a "false estimate" theory and a retaliatory discharge claim. *United States ex rel. Nyle Hooper v. General Motors*, C.D. Cal. Case No. CV 95-2785 (SH) (hereinafter the "*GM* case"). In that matter, I served as counsel for defendants Delco Electronics Corporation and General Motors Corporation. Based on my representation of the defendants in that case, I have personal knowledge of the allegations made in that *qui tam* complaint, the arguments and briefs presented by the parties, and the Court's rulings. Attached hereto as **Exhibit A** is a true and correct copy of the Court's "Memorandum Decision Granting Delco's Motion For Partial Summary Judgment [FCA Violations Based On Delco's Labor Estimates]" filed in the *GM* case on January 25, 1999.

5. Attached hereto as **Exhibit B** are true and correct copies of excerpts from the Deposition of Nyle Hooper taken in this action on April 20, 2010, April 21, 2010, May 12, 2010 and October 11, 2013. Also attached hereto are true and correct copies of the following deposition exhibits referenced in the Hooper deposition testimony cited in Lockheed Martin's Motion:

    a. Deposition Exhibit 118, attached hereto as **Exhibit C**.
    b. Deposition Exhibit 119, attached hereto as **Exhibit D**.
    c. Deposition Exhibit 120, attached hereto as **Exhibit E**.
    d. Deposition Exhibit 121, attached hereto as **Exhibit F**.
    e. Deposition Exhibit 122, attached hereto as **Exhibit G**.
    f. Deposition Exhibit 123, attached hereto as **Exhibit H**.
    g. Deposition Exhibit 139, attached hereto as **Exhibit I**.
    h. Deposition Exhibit 140, attached hereto as **Exhibit J**.

6. Attached hereto as **Exhibit K** is a true and correct copy of excerpts from the Deposition of Michael Allen taken in this action on July 7, 2010.

7. Attached hereto as **Exhibit L** is a true and correct copy of excerpts from the Deposition of Brian Kelly taken in this action on October 1, 2013. Also attached hereto are true and correct copies of the following deposition exhibits referenced in the Kelly deposition testimony cited in Lockheed Martin's Motion:

    a. Deposition Exhibit 109, attached hereto as **Exhibit M**.
    b. Deposition Exhibit 111, attached hereto as **Exhibit N**.

8. Attached hereto as **Exhibit O** is a true and correct copy of excerpts from Hooper's Response to Lockheed Martin's Second Interrogatory Requests and Requests for Production, served on August 22, 2013.

9. After the litigation was initiated by Hooper, the Department of the Air Force made its file related to the RSA IIA program available for review to the parties in this litigation in lieu of providing a formal production of documents, and permitted the parties to have documents from the file copied. I reviewed the file

1 | and identified a number of documents for copying, which I had Bates-labeled with
2 | the following naming convention: LMC-AF-000000x.

3 |     10.    Attached hereto are true and correct copies of the following four
4 | documents that were produced by the Air Force:

    a.    Section "M" of the Request for Proposal for the Range Standardization and Automation Phase IIA Solicitation (RFP No. F04701-94-R-0006) issued by the Department of the Air Force. A true and correct copy is attached hereto as **Exhibit P**.

    b.    A memorandum issued by the Department of the Air Force titled "Executive Management Summary – Request for Proposal (RFP) F04701-94-R-0006, Range Standardization and Automation (RSA) Phase IIA Acquisition." A true and correct copy is attached hereto as **Exhibit Q**.

    c.    A "Memorandum for Record" issued by the Department of the Air Force on November 13, 1995 titled "Price Competition Memorandum for the Range Standardization and Automation (RSA) Phase IIA Acquisition; RFP No. F04701-94-R-0006 and Contract No. F04701-95-C-0029." A true and correct copy is attached hereto as **Exhibit R**.

    d.    The Source Selection Decision for the RSA Phase IIA Program prepared by the Department of the Air Force. A true and correct copy is attached hereto as **Exhibit S**.

All four of these documents were previously submitted to the Court in connection with Lockheed Martin's previous motion for summary judgment. *See* Docket No. 146, Declaration of Mark Troy dated November 22, 2010, Exhibits J-M. Hooper did not object to their admissibility, and they were considered, and relied on, by the Court in connection with that motion.

11.     Attached to the concurrently filed declaration of former Air Force Colonel Joseph Boyle are true and correct copies of the following four documents, all of which were also made available to the parties and produced by the Air Force:

    a. Boyle Exhibit A: Source Selection Plan for the Range Standardization And Automation (RSA) Phase IIA Program, LAX024070-024092.

    b. Boyle Exhibit B: RSA IIA Decision Briefing, prepared by Major Joseph Boyle, 2 November 1995, LMC-AF-0000510-0000626.

    c. Boyle Exhibit C: Source Selection Proposal Analysis Report For The RSA Phase IIA Acquisition, LMC-AF-0000484-0000497.

    d. Boyle Exhibit D: Business Memorandum of Agreement, dated 22 July 1996, LAX107444-107459.

The LAX-xxxxxx Bates-label signifies that the document was also produced to Lockheed Martin by Hooper's counsel.

12.     Attached hereto are true and correct copies of the following three declarations:

    a. Declaration of Gregory Braun. A true and correct copy is attached hereto as **Exhibit T**.

    b. Declaration of Jeffrey Sussex. A true and correct copy is attached hereto as **Exhibit U**.

    c. Declaration of Cory Pike, without exhibits. A true and correct copy is attached hereto as **Exhibit V**.

All three of these documents were previously submitted to the Court in connection with Lockheed Martin's previous motion for summary judgment. *See* Docket Nos. 137, 141, and 142, respectively. Hooper did not object to their admissibility, and they were considered, and relied on, by the Court in connection with that motion.

13.     Attached hereto as **Exhibit W** is a true and correct copy of Hooper's Second Amended Complaint, filed in this action on June 19, 2008.

14. Attached hereto as **Exhibit X** is a true and correct copy of Hooper's Third Amended Complaint, filed in this action on September 5, 2008.

I declare under penalty of Perjury that the foregoing is true and correct.

Executed this 21st day of October, 2013, at Los Angeles, California.

/s/ Mark R. Troy
MARK R. TROY

LAACTIVE-601262100.2